**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra A. Caruthers, an individual, | No. CV-10-8248-PCT-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Chase Home Finance LLC, a Delaware Limited Liability Company; Mortgage Electronic Registration systems, Inc., a Delaware Corporation, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss Party Chase Home Finance, LLC and Mortgage Electronic Registration Systems, Inc., Doc. 5. For the reasons stated below, that motion is granted with leave to amend.

**BACKGROUND**

According to Plaintiff's Complaint, which was subsequently removed to this Court, on or about July 5, 2006, Plaintiff Debra Carruthers executed a note in favor of American Mortgage Network, Inc., a California corporation. Complaint at ¶ 7. The purpose of the loan was, apparently, to finance the purchase of residential real property located at 620 West Saddle Creek Drive in Camp Verde, Arizona.

At the same time Plaintiff executed the note, she executed a deed of trust on the subject property. The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominal beneficiary under the deed of trust for the benefit of the lender or

1 its successors or assigns. *Id.* at ¶ 17.

2 Approximately four years later, Plaintiff received notice that the trustee on her deed
3 of trust had been substituted, and that a statement of breach or non-performance was filed
4 together with a notice of trustee's sale on the subject property scheduled for December 10,
5 2010. *Id.* at ¶ 8, 11.  Plaintiff filed this Complaint to enjoin the sale.

6 Plaintiff, in her Complaint seeks declaratory and injunctive relief.  She asserts a right
7 to the cancellation of the trustee's sale based on certain legal allegations she sets forth in her
8 Complaint.  She alleges that, despite MERS' claims to the contrary, it never was the original
9 beneficiary under the deed of trust.  *Id.* at ¶ 4, 13.  Plaintiff alleges that the only legally
10 appropriate beneficiary under the original deed of trust was the lender, American Mortgage
11 Network.  *Id.* at ¶ 9.  Because, Plaintiff alleges MERS is not the original beneficiary, she
12 asserts that MERS purported substitution of trustee is a legal nullity.  *Id.* at ¶ 10.  She also
13 alleges that the substitution of trustee is "suspect" because it is signed by someone who
14 appears to be related to the successor trustee appointed.  *Id.* at ¶ 9.  She further alleges that
15 because none of the Defendants are American Mortgage Network, the original lender, they
16 must, prior to foreclosing on the deed of trust, demonstrate assignment of the full and
17 unencumbered rights in the note and deed of trust to them prior to foreclosing.  *Id.* at ¶ 29.

18 Plaintiff claims that she is in doubt as to her rights under the note, the deed of trust,
19 and the substitution of trustee and the notice of trustee's sale filed with the Maricopa County
20 Recorder's office.  She thus asserts that she is entitled to have her rights clarified through her
21 request for declaratory relief.  *Id.*

22 **ANALYSIS**

23 "By signing the deed[] of trust, the [P]laintiff[] agreed to the terms and [was] on notice
24 of the contents."  *Cervantes v. Countrywide Home Loans, Inc.,* ___ F.3d ___, 2011 WL
25 3911031 at *5 n. 2 (9th Cir. Sep. 7, 2011) citing *Kenly v. Miracle Props.,* 412 F. Supp. 1072,
26 1075 (D. Ariz. 1976).  Although Plaintiff extensively references the deed of trust in her
27 Complaint, she does not attach a copy, as she does with the notice of substitution, the notice
28 of trustee's sale, and the notice of breach.  Nevertheless, Defendants have appended to their

Motion to Dismiss a copy of the deed of trust. In her response, Plaintiff does not challenge the accuracy of the deed of trust provided by Defendants. This Court may thus consider it in ruling on Defendants' Motion to Dismiss. *Id.* citing *Swartz v. KPMG, LLP,* 476 F.3d 756, 763 (9th Cir. 2007) (holding that Court could consider deed of trust, attached to MERS reply in support of its motion to dismiss, "because the complaint references and relies on the deed, and its authenticity is unquestioned").

Plaintiff's primary claim is that despite what the deed of trust says, MERS cannot, as a matter of law, serve as the nominal beneficiary under the deed of trust for the benefit of the lender because allowing MERS to serve as beneficiary on the deed of trust would impermissibly split the note and the deed of trust. The Ninth Circuit, however, has recently and definitively rejected such an argument in this Circuit so long as the complaint does not allege that MERS is not acting as the agent of the lender or its successors. "[T]he note[] and deed[] are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds are not agents of the lenders." *Id.* at * 7 citing *Landmark Nat'l Bank v. Kesler,* 216 P.3d 158, 167 (Kan. 2009).

The Complaint here makes no such allegation. The Complaint does allege that Plaintiff does not know who the lender's successors might be. It further alleges that because none of the Defendants are the original lender, the successors must, prior to foreclosing on the deed of trust, demonstrate assignment of the full and unencumbered rights in the note and deed of trust. *Id.* at ¶ 29. But, as the Ninth Circuit noted in *Cervantes,* such an argument is unavailing in this case because "the deed states that the loan or a partial interest in it 'can be sold one or more times without prior notice to Borrower.'" *Id.* Thus, absent an allegation that foreclosure is being pursued on behalf of someone who is not the lender or its successor or assign, Defendants need not demonstrate a complete chain of all assignments of the Note prior to conducting the non-judicial foreclosure.

Further, as has been made abundantly clear by a number of cases deciding the question, in this state, Defendants do not have to show the note prior to conducting a foreclosure. *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz.

2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *See, e.g., Ciardi v. Lending Co.*, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Silvas v. GMAC Mortg.*, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010); *Contreras v. U.S. Bank*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009).

The sole basis in the Complaint for asserting that MERS could not file a substitution of trustee in this case is the allegation that MERS cannot be the beneficiary under the deed of trust. Because, as is explained above, that argument is incorrect as a matter of law, there is no remaining substance to Plaintiff's assertion that MERS' purported substitution of trustee is a legal nullity. *Id.* at ¶ 10.

To the extent that Plaintiff alleges that the substitution of trustee is "suspect" because it is signed by someone who appears to be related to the person who is appointed by the successor trustee, such an assertion, without more, fails to state any cognizable claim. To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The assertion that the appointment of the successor trustee is somehow invalid because that appointment was signed on behalf of the beneficiary by a relative of the successor trustee fails to meet that standard.

**IT IS ORDERED:**

1. Granting Defendants' Motion to Dismiss (Doc. 5), with leave to seek to amend.

2. Should Plaintiff desire to file a motion for leave to file an amended complaint, she shall do so no later than **October 12, 2011**. The proposed amended complaint shall be attached to the motion for leave to amend and comply with Federal Rules of Civil Procedure

15 and Local Rules of Civil Procedure 15.1. The Court will not permit the filing of any proposed amended complaint that does not comply with the requirements of this Order, or seeks to reassert claims that have been dismissed as a matter of law.

3. If Plaintiff does not file a motion requesting leave to file an amended complaint by **October 12, 2011**, the Clerk of the Court is directed to terminate this action.

DATED this 12th day of September, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge