**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra A. Caruthers, an individual, ) | No. CV-10-8248-PCT-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Chase Home Finance LLC, a Delaware ) Limited Liability Company; Mortgage ) Electronic Registration systems, Inc., a ) Delaware Corporation, ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 18). The Court has reviewed the proposed first amended complaint and determines that it would be futile in light of *Cervantes v. Countrywide Home Loans, Inc.*, ___F3d___, 2011 WL 3911031 at *5 (9th Cir. September 7, 2011), and the previous decisions cited in the Court's Order dismissing the original Complaint (Doc. 17). The amended complaint seeks to assert that MERS cannot be the agent of the holder of the note or its assignee. This is a legal assertion which the Court need not accept as true in ruling on a motion for summary judgment. As well, as is set forth in the *Cervantes* decision, such a position has been impliedly if not expressly rejected. Further, to the extent that the amended complaint seeks to assert that because the original note and mortgage were assigned to an investment security, and Plaintiff does not know who the new holders of the beneficial interest are and thus MERS cannot be acting on their behalf, *Cervantes* also puts such claims

to rest. *See Cervantes* at *5 ("[W]hile the plaintiffs indicate that MERS was used to hide who owned the loan, the deed states that the loan or a partial interest in it 'can be sold one or more times without prior notice to Borrower'. . . . By signing the deed[] of trust, the plaintiff[] agreed to the terms and [was] on notice of the contents.").

As a result, the proposed amendment both fails to cure the deficiencies of the previous complaint and is futile. *Manzarek v. St. Paul Fire & Marine, Ins. Co.*, 519 F.3d 1025, 1034 (9th Circ. 2008). Because Plaintiff has already been given leave to amend her complaint, leave to amend is not again granted and her claims are dismissed with prejudice. *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, North Dakota and South Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (holding that discretion to dismiss without leave to amend is particularly strong where leave to amend has been previously granted). The first amended complaint is not materially different from the original Complaint. Therefore, the Motion for Leave to Amend is denied and further leave to amend will not be granted.

**IT IS ORDERED** that the Motion for Leave to File First Amended Complaint is denied (Doc. 18).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action with prejudice.

DATED this 10th day of November, 2011.

*H. Murray Snow*
G. Murray Snow
United States District Judge